RECEIVED
ASHEVILLE, N.C.
FEB - 1 2000
Frank G. Johns
Clerk
Clerk, U. S. Dist. Court
Terry T. Leitner W. Dist of N. C.
Chief Deputy Clerk

**UNITED STATES DISTRICT COURT**
**OFFICE OF THE CLERK**
**WESTERN DISTRICT OF NORTH CAROLINA**
**ROOM 210, CHARLES R. JONAS FEDERAL BUILDING**
**401 WEST TRADE STREET**
**CHARLOTTE, NORTH CAROLINA 28202**

**Frank G. Johns**
Clerk

**Terry T. Leitner**
Chief Deputy Clerk

F I L E D
ASHEVILLE, N. C.

FEB - 1 2000

U.S. DISTRICT COURT
W. DIST. OF N. C.

Telephone (704)350-7413
FAX        (704)344-6703

January 31, 2000

C. Frank Goldsmith, Jr.
P.O. Box 1107
Marion, North Carolina

> RE: Connie Mansfield v. William Pierce
>     2:95CV62

Dear Mr. Goldsmith:

On July 9, 1999, the Honorable Lacy Thornburg, United States District Judge, entered an order on the above captioned case directing that the Clerk of Court deliver to plaintiff's counsel a promissory note and deed of trust that were deposited with the Clerk by the defendant on June 11, 1996. A review of our promissory notes and deeds of trust on file in the vault revealed that we still had these documents on file.

Enclosed is a copy of Judge Thornburg's Order, the original notice of tender; the promissory note and the North Carolina Deed of Trust which I am returning to you per Judge Thornburg's order.

Please note that I did not satisfy the note or the deed as neither mentioned me or my successor in either document. If I have erred in not executing these documents please return them to my attention and I will immediately satisfy the same for you.

I apologize for the delay in returning these documents to you and thank you for your cooperation.

Sincerely,

Frank G. Johns
Clerk of Court

cc: Attorney Morris Dees



*"Expect Excellence from Yourself and Others"*

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF NORTH CAROLINA
BRYSON CITY DIVISION

F I L E D
ASHEVILLE, N. C.

JUL 9 1999

U.S. DISTRICT COURT
W. DIST. OF N. C.

| | |
|---|---|
| CONNIE MANSFIELD, Personal Representative of the Estate of Harold Mansfield, on behalf of herself and the Estate, | ) ) ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Civil Action No. 2: 95CV62 |
| WILLIAM PIERCE, | ) ) ) ) |
| Defendant. | ) |

## ORDER

Upon consideration of the Unopposed Motion to Lift Stay, for Release of Promissory Note and Deed of Trust, and for Disbursement of Funds, it is hereby ORDERED:

(a) that the stay of execution entered on May 31, 1996, is hereby lifted;

(b) that the Clerk of Court is directed to deliver to plaintiff's counsel the promissory note and deed of trust that were deposited with the Clerk by the defendant on June 11, 1996; and

(c) that the Clerk of Court is directed to disburse the funds that are being held in the Court Registry in connection with this case in the following manner.

(i) $3687.03 to Dr. William Pierce, c/o Steven Kropelnicki, P.A., Legal Building, Suite 340, 14 South Park Square, Asheville, North Carolina 28801; and

(ii) all remaining funds to Connie Mansfield James, c/o Southern Poverty Law Center, P.O. Box 2087, Montgomery, Alabama 36102.

94

Case 2:95-cv-00062-LHT    Document 95    Filed 02/01/00    Page 2 of 8

ORDERED AND ADJUDGED this _____ day of July, 1999.

Hon. Lacy Thornburg
U.S. District Judge

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
BRYSON CITY DIVISION

FILED
ASHEVILLE, N.C.

*** FII 4:10

U.S. DISTRICT COURT
******* OF N.C.

CONNIE MANSFIELD, Personal )
Representative of the Estate of )
Harold Mansfield, on behalf of )
herself and the Estate, )
                                )
                Plaintiff, )
                                )
vs.                          )
                                )
WILLIAM PIERCE,                 )
                                )
                Defendant.    )

Civil Action No. 2:95CV62

**NOTICE OF TENDER**

**TO:** Plaintiff, through her counsel of record:

TAKE NOTICE that defendant, through his counsel, does hereby tender to the Clerk of this court a Promissory Note endorsed by the payees thereof, and a Deed of Trust, true copies of which documents are attached hereto.

This tender is made pursuant to the provisions of a judgment and stay of execution filed in this cause on 31 May 1996.

This the ___ day of _____, 1996.

_____
Steven Kropelnicki, jr.
Attorney for Defendant
Of Counsel:
CARTER & KROPELNICKI, P.A.
Legal Building, Suite 340
14 South Pack Square
Asheville, North Carolina 28801
(704) 252-9804

CERTIFICATE OF SERVICE
This is to certify that I have served counsel for the opposing party(ies) with this pleading by depositing a copy of the same in the United States Mail in a postpaid addressed wrapper to:

Mr. Morris S. Dees                C. Frank Goldsmith, Jr.
Mr. J. Richard Cohen              Goldsmith & Goldsmith, P.A.
Post Office Box 2087              Post Office Box 1107
400 Washington Avenue            Marion, North Carolina  28752
Montgomery, AL  36102-2087

THIS ___ day of _____, 19__.

_____
Steven Kropelnicki, jr.

SATISFACTION. The debt evidenced by
this Note has been satisfied in full this
_____ day of _____, 19 ___
Signed: _____

# PROMISSORY NOTE

Franklin _____, N. C.

$ ___100,000.00___

January 12 , 19 94

FOR VALUE RECEIVED the undersigned, jointly and severally, promise to pay to ___WILLIAM PIERCE and wife, SUSAN PIERCE___

_____ or order,

the principal sum of ___--ONE HUNDRED THOUSAND AND NO/100---------------------------___

DOLLARS ( $ ___100,000.00___ ), with interest from ___January 14, 1994___ , at the rate of ___eight___

per cent ( __8__ %) per annum on the unpaid balance until paid or until default, both principal and interest payable in lawful money of the United States of America, at

the office of ___P. O. Box 90, Hillsboro, West VA. 24946___

or at such place as the legal holder hereof may designate in writing. It is understood and agreed that additional amounts may be advanced by the holder hereof as provided in the instruments, if any, securing this Note and such advances will be added to the principal of this Note and will accrue interest at the above specified rate of interest from the date of advance until paid. The principal and interest shall be due and payable as follows:

> $955.66 on the 14th day of February, 1994, and $955.66 on the 14th day of each month thereafter until the entire amount of principal and interest has been paid in full; payments are to be credited first to interest and balance to principal.

If not sooner paid, the entire remaining indebtedness shall be due and payable on _____.

If payable in installments, each such installment, unless otherwise provided, be applied first to payment of interest then accrued and due on the unpaid principal balance, with the remainder applied to the unpaid principal.

Unless otherwise provided, this Note may be prepaid in full or in part at any time without penalty or premium. Partial prepayments shall be applied to installments due in reverse order of their maturity.

In the event of (a) default in payment of any installment of principal or interest hereof as the same becomes due and such default is not cured within ten (10) days from the due date, or (b) default under the terms of any instrument securing this Note, and such default is not cured within fifteen (15) days after written notice to maker, then in either such event the holder may without further notice, declare the remainder of the principal sum, together with all interest accrued thereon and, the prepayment premium, if any, at once due and payable. Failure to exercise this option shall not constitute a waiver of the right to exercise the same at any other time. The unpaid principal of this Note and any part thereof, accrued interest and all other sums due under this Note and the Deed of Trust, if any, shall bear interest at the rate of ___eight___ per cent ( __8__ %) per annum after default until paid.

All parties to this Note, including maker and any sureties, endorsers, or guarantors hereby waive protest, presentment, notice of dishonor, and notice of acceleration of maturity and agree to continue to remain bound for the payment of principal, interest and all other sums due under this Note and the Deed of Trust notwithstanding any change or changes by way of release, surrender, exchange, modification or substitution of any security for this Note or by way of any extension or extensions of time for the payment of principal and interest; and all such parties waive all and every kind of notice of such change or changes and agree that the same may be made without notice or consent of any of them.

Upon default the holder of this Note may employ an attorney to enforce the holder's rights and remedies and the maker, principal, surety, guarantor and endorsers of this Note hereby agree to pay to the holder reasonable attorney's fees not exceeding a sum equal to fifteen percent (15%) of the outstanding balance owing on said Note, plus all other reasonable expenses incurred by the holder in exercising any of the holder's rights and remedies upon default. The rights and remedies of the holder as provided in this Note and any instrument securing this Note shall be cumulative and may be pursued singly, successively, or together against the property described in the Deed of Trust or any other funds, property or security held by the holder for payment or security, in the sole discretion of the holder. The failure to exercise any such right or remedy shall not be a waiver or release of such rights or remedies or the right to exercise any of them at another time.

This Note is to be governed and construed in accordance with the laws of the State of North Carolina.

This Note is given ___for payment of a portion of the purchase price___ , and is secured by a

___Deed of Trust of even date herewith to Bobby J. Key, Trustee___

_____ which is a _____ lien upon the property therein described.

IN TESTIMONY WHEREOF, each corporate maker has caused this instrument to be executed in its corporate name by its

_____ President, attested by its

_____ Secretary, and its corporate seal to be hereto affixed, all by order of its Board of Directors first duly given, the day and year first above written.

_____
(Corporate Name)

By: _____

_____ President

ATTEST:

_____ Secretary (Corporate Seal)

_____
(Corporate Name)

By: _____

_____ President

ATTEST:

_____ Secretary (Corporate Seal)

IN TESTIMONY WHEREOF, each individual maker has hereunto set his hand and adopted as his seal the word "SEAL" appearing beside his name, the day and year first above written.

_Mildred M. Cope_ _____ (SEAL)
Mildred M. Cope

_____ (SEAL)

_____ (SEAL)

_____ (SEAL)

_____ (SEAL)

Pay to the order of Connie Mansfield, without recourse (SEAL)

_William Pierce_ _____ (SEAL)
William Pierce

_Susan Pierce_ _____ (SEAL)
Susan Pierce

Case 2:95-cv-00062-LHT   Document 95   Filed 02/01/00   Page 5 of 8

N.C. Bar Assn. Form No. 4 © 1976, Revised © 1985        Printed by Agreement with the N.C. Bar Assn.        Poole Printing Co. Inc. P.O. Box 58487, Raleigh, N.C. 27658

SATISFACTION: This debt secured by the within Deed of Trust together with the note(s) secured thereby has been satisfied in full.

This the _____ day of _____, 19 ___

Signed: _____

NORTH CAROLINA, MACON COUNTY

Presented for registration and recorded in the office of the Register of Deeds for Macon County, North Carolina, in Book G-20 Page(s) 448 - 450, this 12th day of Jan., 1994 at 2:46 o'clock P.M.

Recording: Time, Book and Page

Tax Lot No. _____ Parcel Identifier No. _____

Verified by _____ County on the _____ day of _____, 19 ___

by _____

Mail after recording to _____

This instrument prepared by Bobby J. Key, Jones, Key, Melvin & Patton, P. A.

Brief Description for the index

# NORTH CAROLINA DEED OF TRUST

THIS DEED of TRUST made this 12th day of January, 1994, by and between:

| GRANTOR | TRUSTEE | BENEFICIARY |
|---|---|---|
| MILDRED M. COPE | BOBBY J. KEY<br>19 E. Main Street<br>Franklin, N. C.  28734 | WILLIAM PIERCE and wife, SUSAN PIERCE |

Enter in appropriate block for each party: name, address, and, if appropriate, character of entity, e.g. corporation or partnership.

The designation Grantor, Trustee, and Beneficiary as used herein shall include said parties, their heirs, successors, and assigns, and shall include singular, plural masculine, feminine or neuter as required by context.

WITNESSETH, That whereas the Grantor is indebted to the Beneficiary in the principal sum of ‾-ONE HUNDRED THOUSAND AND NO/100---- _____ Dollars ($100,000.00 ) as evidenced by a Promissory Note of even date herewith, the terms of which are incorporated herein by reference. The final due date for payment of said Promissory Note, if not sooner paid, is _____

NOW, THEREFORE, as security for said indebtedness, advancements and other sums expended by Beneficiary pursuant to this Deed of Trust and costs of collection (including attorneys fees as provided in the Promissory Note) and other valuable consideration, the receipt of which is hereby acknowledged, the Grantor has bargained, sold, given, granted and conveyed and does by these presents bargain, sell, give, grant and convey to said Trustee, his heirs, or successors, and assigns, the parcel(s) of land situated in the City of Franklin Smithbridge Township Macon County, North Carolina, ( the "Premises") and more particularly described as follows:

Being and comprehending the same land, premises, easements, privileges and appurtenances as are described in and conveyed by the Deed from William Pierce and wife, Susan Pierce to Mildred M. Cope dated January 12, 1994, recorded in Deed Book G-20, Pages 444-447, Records of Macon County, North Carolina, to which Deed reference is had for a more complete and accurate description of the property hereby conveyed.

BOOK G-20
PAGE(S) 448-450

N.C. Bar Assn. Form No. 5A © 1977, Revised © June 1985    Printed by Agreement with the N.C. Bar Assn.    Poole Printing Co., Inc. P.O. Box 58487, Raleigh, N.C. 27658

TO HAVE AND TO HOLD said Premises with all privileges and appurtenances thereunto belonging, to sai. ..ustee, his heirs, successors, and assigns forever, upon the trusts, terms and conditions, and for the uses hereinafter set forth.

If the Grantor shall pay the Note secured hereby in accordance with its terms, together with interest thereon, and any renewals or extensions thereof in whole or in part, all other sums secured hereby and shall comply with all of the covenants, terms and conditions of this Deed of Trust, then this conveyance shall be null and void and may be cancelled of record at the request and the expense of the Grantor. If, however, there shall be any default (a) in the payment of any sums due under the Note, this Deed of Trust or any other instrument securing the Note and such default is not cured within ten (10) days from the due date, or (b) if there shall be default in any of the other covenants, terms or conditions of the Note secured hereby, or any failure or neglect to comply with the covenants, terms or conditions contained in this Deed of Trust or any other instrument securing the Note and such default is not cured within fifteen (15) days after written notice, then and in any of such events, without further notice, it shall be lawful for and the duty of the Trustee, upon request of the Beneficiary, to sell the land herein conveyed at public auction for cash, after having first giving such notice of hearing as to commencement of foreclosure proceedings and obtained such findings or leave of court as may then be required by law and giving such notice and advertising the time and place of such sale in such manner as may then be provided by law, and upon such and any resales and upon compliance with the law then relating to foreclosure proceedings under power of sale to convey title to the purchaser in as full and ample manner as the Trustee is empowered. The Trustee shall be authorized to retain an attorney to represent him in such proceedings.

The proceeds of the Sale shall after the Trustee retains his commission, together with reasonable attorneys fees incurred by the Trustee in such proceeding, be applied to the costs of sale, including, but not limited to, costs of collection, taxes, assessments, costs of recording, service fees and incidental expenditures, the amount due on the Note hereby secured and advancements and other sums expended by the Beneficiary according to the provisions hereof and otherwise as required by the then existing law relating to foreclosures. The Trustee's commission shall be five percent (5%) of the gross proceeds of the sale or the minimum sum of $ _500.00_, whichever is greater, for a completed foreclosure. In the event foreclosure is commenced, but not completed, the Grantor shall pay all expenses incurred by Trustee, including reasonable attorneys fees, and a partial commission computed on five per cent (5%) of the outstanding indebtedness or the above stated minimum sum, whichever is greater, in accordance with the following schedule, to-wit: one-fourth (¼) thereof before the Trustee issues a notice of hearing on the right to foreclosure; one-half (½) thereof after issuance of said notice, three-fourths (¾) thereof after such hearing; and the greater of the full commission or minimum sum after the initial sale.

And the said Grantor does hereby covenant and agree with the Trustee as follows:

1. INSURANCE. Grantor shall keep all improvements on said land, now or hereafter erected, constantly insured for the benefit of the Beneficiary against loss by fire, windstorm and such other casualties and contingencies, in such manner and in such companies and for such amounts, not less than that amount necessary to pay the sum secured by this Deed of Trust, and as may be satisfactory to the Beneficiary. Grantor shall purchase such insurance, pay all premiums therefor, and shall deliver to Beneficiary such policies along with evidence of premium payment as long as the Note secured hereby remains unpaid. If Grantor fails to purchase such insurance, pay premiums therefor or deliver said policies along with evidence of payment of premiums thereon, then Beneficiary, at his option, may purchase such insurance. Such amounts paid by Beneficiary shall be added to the principal of the Note secured by this Deed of Trust, and shall be due and payable upon demand of Beneficiary. All proceeds from any insurance so maintained shall at the option of Beneficiary be applied to the debt secured hereby and it payable in installments, applied in the inverse order of maturity of such installments or to the repair or reconstruction of any improvements located upon the Property.

2. TAXES, ASSESSMENTS, CHARGES. Grantor shall pay all taxes, assessments and charges as may be lawfully levied against said Premises within thirty (30) days after the same shall become due. In the event that Grantor fails to so pay all taxes, assessments and charges as herein required, then Beneficiary, at his option, may pay the same and the amounts so paid shall be added to the principal of the Note secured by this Deed of Trust, and shall be due and payable upon demand of Beneficiary.

3. ASSIGNMENTS OF RENTS AND PROFITS. Grantor assigns to Beneficiary, in the event of default, all rents and profits from the land and any improvements thereon, and authorizes Beneficiary to enter upon and take possession of such land and improvements, to rent same, at any reasonable rate of rent determined by Beneficiary, and after deducting from any such rents the cost of reletting and collection, to apply the remainder to the debt secured hereby.

4. PARTIAL RELEASE. Grantor shall not be entitled to the partial release of any of the above described property unless a specific provision providing therefor is included in this Deed of Trust. In the event a partial release provision is included in this Deed of Trust, Grantor must strictly comply with the terms thereof. Notwithstanding anything herein contained, Grantor shall not be entitled to any release of property unless Grantor is not in default and is in full compliance with all of the terms and provisions of the Note, this Deed of Trust, and any other instrument that may be securing said Note.

5. WASTE. The Grantor covenants that he will keep the Premises herein conveyed in as good order, repair and condition as they are now, reasonable wear and tear excepted, and will comply with all governmental requirements respecting the Premises or their use, and that he will not commit or permit any waste.

6. CONDEMNATION. In the event that any or all of the Premises shall be condemned and taken under the power of eminent domain, Grantor shall give immediate written notice to Beneficiary and Beneficiary shall have the right to receive and collect all damages awarded by reason of such taking, and the right to such damages hereby is assigned to Beneficiary who shall have the discretion to apply the amount so received, or any part thereof, to the indebtedness due hereunder and it payable in installments, applied in the inverse order of maturity of such installments, or to any alteration, repair or restoration of the Premises by Grantor.

7. WARRANTIES. Grantor covenants with Trustee and Beneficiary that he is seized of the Premises in fee simple, has the right to convey the same in fee simple, that title is marketable and free and clear of all encumbrances, and that he will warrant and defend the title against the lawful claims of all persons whomsoever, except for the exceptions hereinafter stated. Title to the property hereinabove described is subject to the following exceptions:

8. SUBSTITUTION OF TRUSTEE. Grantor and Trustee covenant and agree to and with Beneficiary that in case the said Trustee, or any successor trustee, shall die, become incapable of acting, renounce his trust, or for any reason the holder of the Note desires to replace said Trustee, then the holder may appoint, in writing, a trustee to take the place of the Trustee; and upon the probate and registration of the same, the trustee thus appointed shall succeed to all rights, powers and duties of the Trustee.

☒ THE FOLLOWING PARAGRAPH, 9. SALE OF PREMISES, SHALL NOT APPLY UNLESS THE BLOCK TO THE LEFT MARGIN OF THIS SENTENCE IS MARKED AND/OR INITIALED.

9. SALE OF PREMISES. Grantor agrees that if the Premises or any part thereof or interest therein is sold, assigned, transferred, conveyed or otherwise alienated by Grantor, whether voluntarily or involuntarily or by operation of law [other than: (i) the creation of a lien or other encumbrance subordinate to this Deed of Trust which does not relate to a transfer of rights of occupancy in the Premises; (ii) the creation of a purchase money security interest for household appliances, (iii) a transfer by devise, decent, or operation of law on the death of a joint tenant or tenant by the entirety, (iv) the grant of a leasehold interest of three (3) years or less not containing an option to purchase; (v) a transfer to a relative resulting from the death of a Grantor; (vi) a transfer where the spouse or children of the Grantor become the owner of the Premises; (vii) a transfer resulting from a decree of a dissolution of marriage, legal separation agreement, or from an incidental property settlement agreement, by which the spouse of the Grantor becomes an owner of the Premises; (viii) a transfer into an inter vivos trust in which the Grantor is and remains a beneficiary and which does not relate to a transfer of rights of occupancy in the Premises], without the prior written consent of Beneficiary, Beneficiary, at its own option, may declare the Note secured hereby and all other obligations hereunder to be forthwith due and payable. Any change in the legal or equitable title of the Premises or in the beneficial ownership of the Premises, including the sale, conveyance or disposition of a majority interest in the Grantor if a corporation or partnership, whether or not of record and whether or not for consideration, shall be deemed to be the transfer of an interest in the Premises.

10. ADVANCEMENTS. If Grantor shall fail to perform any of the covenants or obligations contained herein or in any other instrument given as additional security for the Note secured hereby, the Beneficiary may, but without obligation, make advances to perform such covenants or obligations, and all such sums so advanced shall be added to the principal sum, shall bear interest at the rate provided in the Note secured hereby for sums due after default and shall be due from Grantor on demand of the Beneficiary. No advancement or anything contained in this paragraph shall constitute a waiver by Beneficiary or prevent such failure to perform from constituting an event of default.

11. INDEMNITY. If any suit or proceeding be brought against the Trustee or Beneficiary or if any suit or proceeding be brought which may affect the value or title of the Premises, Grantor shall defend, indemnify and hold harmless and on demand reimburse Trustee or Beneficiary from any loss, cost, damage or expense and any sums expended by Trustee or Beneficiary shall bear interest as provided in the Note secured hereby for sums due after default and shall be due and payable on demand.

12. WAIVERS. Grantor waives all rights to require marshalling of assets by the Trustee or Beneficiary. No delay or omission of the Trustee or Beneficiary in the exercise of any right, power or remedy arising under the Note or this Deed of Trust shall be deemed a waiver of any default or acquiescence therein or shall impair or waive the exercise of such right, power or remedy by Trustee or Beneficiary at any other time.

13. CIVIL ACTION. In the event that the Trustee is named as a party to any civil action as Trustee in this Deed of Trust, the Trustee shall be entitled to employ an attorney at law, including himself if he is a licensed attorney, to represent him in said action and the reasonable attorney's fee of the Trustee in such action shall be paid by the Beneficiary and added to the principal of the Note secured by this Deed of Trust and bear interest at the rate provided in the Note for sums due after default.

14. PRIOR LIENS. Default under the terms of any instrument secured by a lien to which this Deed of Trust is subordinate shall constitute default hereunder.

15. OTHER TERMS

IN WITNESS WHEREOF, the Grantor has hereunto set his hand and seal, or if corporate, has caused this instrument to be signed in its corporate name by its duly authorized officers and its seal to be hereunto affixed by authority of its Board of Directors, the day and year first above written.

(Corporate Name)

By: _____

_____ President

ATTEST:

_____ Secretary (Corporate Seal)

(Corporate Name)

By: _____

_____ President

ATTEST:

_____ Secretary (Corporate Seal)

_____ (SEAL)
Mildred M. Cope

_____ (SEAL)

_____ (SEAL)

_____ (SEAL)

_____ (SEAL)

_____ (SEAL)

_____ (SEAL)

_____ (SEAL)

_____ (SEAL)

USE BLACK INK ONLY

N.C. Bar Assn. Form No. 5A © 1977, Revised © June 1985     Printed by Agreement with the N.C. Bar Assn.     Poole Printing Co., Inc. P.O. Box 58487, Raleigh, N.C. 27658

SEAL-STAMP

NORTH CAROLINA, MACON County.

I, a Notary Public of the County and state aforesaid, certify that MILDRED M. COPE

_____ Grantor,

personally appeared before me this day and acknowledged the execution of the foregoing instrument. Witness my hand and official stamp or seal, this 12— day of January , 19 94

My Commission expires: May 6, 1998 _____ Sue C. Hunter Notary Public

SEAL-STAMP

NORTH CAROLINA, _____ County.

I, a Notary Public of the County and state aforesaid, certify that _____

_____ Grantor,

personally appeared before me this day and acknowledged the execution of the foregoing instrument. Witness my hand and official stamp or seal, this _____ day of _____, 19 _____.

My Commission expires: _____ _____ Notary Public

SEAL-STAMP

NORTH CAROLINA, _____ County.

I, a Notary Public of the County and state aforesaid, certify that _____

_____ Grantor,

personally appeared before me this day and acknowledged the execution of the foregoing instrument. Witness my hand and official stamp or seal, this _____ day of _____, 19 _____.

My Commission expires: _____ _____ Notary Public

SEAL-STAMP

NORTH CAROLINA, _____ County.

I, a Notary Public of the County and state aforesaid, certify that _____

_____ Grantor,

personally appeared before me this day and acknowledged the execution of the foregoing instrument. Witness my hand and official stamp or seal, this _____ day of _____, 19 _____.

My Commission expires: _____ _____ Notary Public

SEAL-STAMP

NORTH CAROLINA, _____ County.

I, a Notary Public of the County and state aforesaid, certify that _____

_____ Grantor,

personally appeared before me this day and acknowledged the execution of the foregoing instrument. Witness my hand and official stamp or seal, this _____ day of _____, 19 _____.

My Commission expires: _____ _____ Notary Public

SEAL-STAMP

NORTH CAROLINA, _____ County.

I, a Notary Public of the County and state aforesaid, certify that _____

_____ Grantor,

personally appeared before me this day and acknowledged the execution of the foregoing instrument. Witness my hand and official stamp or seal, this _____ day of _____, 19 _____.

My Commission expires: _____ _____ Notary Public

SEAL-STAMP

NORTH CAROLINA, _____ County.

I, a Notary Public of the County and state aforesaid, certify that _____

personally appeared before me this day and acknowledged that __he is _____ Secretary of _____ a North Carolina corporation, and that by authority duly given and as an act of the corporation, the foregoing instrument was signed in its name by its _____ President, sealed with its corporate seal and attested by _____ as its _____ Secretary.

Witness my hand and official stamp or seal, this _____ day of _____, 19 _____.

My Commission expires: _____ _____ Notary Public

SEAL-STAMP

NORTH CAROLINA, _____ County.

I, a Notary Public of the County and state aforesaid, certify that _____

personally appeared before me this day and acknowledged that __he is _____ Secretary of _____ a North Carolina corporation, and that by authority duly given and as an act of the corporation, the foregoing instrument was signed in its name by its _____ President, sealed with its corporate seal and attested by _____ as its _____ Secretary.

Witness my hand and official stamp or seal, this _____ day of _____, 19 _____.

My Commission expires: _____ _____ Notary Public

The foregoing Certificate(s) of Sue C. Hunter, NP _____

is certified to be correct. This instrument and this certificate are duly registered at the date and time and in the Book and Page shown on the first page hereof.

Janet Thomas REGISTER OF DEEDS FOR Macon COUNTY

By Deputy/Assistant Register of Deeds.

Case 2:95-cv-00062-DHT Document 95 Filed 02/01/00 Page 8 of 8

450